ILLINOIS TRUST & SAVINGS BANK v. MINTON et al.

(Circuit Court, S. D. Iowa, C. D.   December 3, 1902.)

No. 2,398.

1. STRIKES—INJUNCTION—FEDERAL COURTS—NONRESIDENT TRUSTEES—CAPACITY TO SUE.

An Iowa telephone company executed a deed of trust in which plaintiff, a foreign corporation, was named as trustee, but plaintiff was not authorized to bring any suit to enforce the deed, nor exercise any control over the corporation or its property, until after default had been made in the payment of interest on its bonds, etc. Before such default, the telephone company brought suit in a state court to restrain certain strikers, residents of the same state, from boycotting, picketing, and intimidating its employés, etc. *Held*, that plaintiff had no capacity to sue such strikers for the same relief in a federal court in an action in which the telephone company was not joined.

In Equity.

William Connor, E. E. Cook, and N. T. Guernsey, for complainant.
L. Kinkead, John M. Read, and Howard J. Clark, for respondents.

McPHERSON, District Judge.   This is a bill in equity, praying a writ of injunction against the respondents, and is what is usually known as a "Strike Case."   Complainant is a citizen of Illinois, and all of the respondents are citizens of Iowa.   The requisite amount in controversy has been alleged.   There is no federal question, and the jurisdiction alone depends on diverse citizenship.   The Iowa Telephone Company, the owner of the property in question, is a corporation and citizen of Iowa, for which reason it could not maintain this action in this court.   Complainant, in a lengthy bill, makes allegations against the respondents, charging them with "boycotting," "picketing," and numerous acts of intimidation, terrorizing, and acts of violence, which, if true, are without lawful excuse, and wholly unjustifiable.   And, if those allegations were substantially sustained by the evidence, and were in a case in which this court had jurisdiction, the writ of injunction would be ordered.   I have but recently, in a case pending in the circuit court for the district of Nebraska, filed an opinion expressing my views as to all such acts, and defining my views as to the rights, duties, and obligations to both employers and employés.   Union Pac. R. Co. v. Ruef et al., 120 Fed. 102.

As each of counsel in this case have my opinion in that case, and as all others having a desire to know my views can readily obtain that opinion, I shall not now restate any of those views. Whether any of those allegations in the bill now before me are sustained by the evidence, I have not considered, for the reason that it is urged that in this case this court has no jurisdiction. And, if this court has no jurisdiction, it would be a waste of time to go through with the many thousands of pages of evidence, and attempt to render a decree upon the merits or lack of merits of the case, as to the unlawful acts charged. As soon as I learned that the jurisdiction of the court was to be challenged, I urged several times that such question be first tried, but was not successful in having the evidence so taken. The jurisdictional question arises on the following facts: The bill does not allege insolvency of the telephone company. The bill does not allege that the company, or some one for it, has refused to bring a similar action in the proper court; but, on the contrary, it appears that such suit has been brought by the company, and is now pending in the state court of Polk county, Iowa. The position, and all the rights, burdens, duties, and obligations of complainant, is that of a trustee created by a written instrument executed in 1897 by the telephone company and trustee. This instrument is very lengthy, and I shall call attention only to those features material to the present inquiry. In part it is a mortgage on all the Iowa lines and appliances and property in the state. It was given to secure an issue of bonds, some of which were to be issued at once, and others from time to time. The trustee had and took no personal interest in the mortgage, and only was to act in a representative capacity, and in that capacity only in certain events and contingencies. For the use and benefit of the bondholders, the company gave to the trustee a mortgage. In part, therefore, the instrument is a mortgage, and to that extent the trustee is a mortgagee, excepting as modified and controlled by the instrument. Whether the property covered by the mortgage is real estate, or personal property, or mixed, or partly of each, is a matter of no consequence, because the company was to retain the possession of all property, occupy and manage the same, until after default, which default has as yet not occurred. And in Iowa, so far as the facts pertaining to this case are concerned, the only difference is that, as to real estate, the mortgagor retains possession, and of personal property the mortgagee can take possession, and as to matters of foreclosure. But in this case by agreement the mortgagor retained possession. And as to the procedure for foreclosure, this court would not be bound as to the procedure prescribed by the Iowa statutes, but would follow such procedure, or the procedure that is in harmony with the practice of this court, as might seem preferable to this court. So that whether it is a real estate or personal property mortgage is immaterial.

In addition to holding the mortgage for the use and benefit of those who from time to time, by purchase and transfer, became owners of the bonds, the trustee enjoys but few rights and practically has no responsibilities. The trustee is in no way responsible for the disbursement of the money arising from the sale of the bonds,.

nor responsible for new construction, but can rely on the orders and recitals thereof as made by the board. Until default in paying of the bonds, or interest thereon, the company can manage the property and take all receipts "with the same effect as if this deed had not been made." The trustee can resign at pleasure. All of its expenses including counsel fees shall be paid by the company, including reasonable compensation for whatever it may do in and about the property, the bonds, foreclosure, redemption of bonds, etc. In case the trustee elects to do anything, it has the right to require, in writing, instructions from the bondholders, and proof that they are holders of bonds, and as such proof the deposit of the bonds with the trustee may be exacted. The trustee may act through agents and attorneys, but is not chargeable with their defaults or negligence, but is only bound to the exercise of due care in the selection and retention of such agents and attorneys. It is not liable, excepting in cases of negligence, for anything it may do or fail to do in matters of foreclosure, taking possession of the property, managing it, etc., but cannot take possession excepting after default. The company agrees to pay the taxes as they become due, and "that it will not commit or suffer any waste." And finally the paper recites as follows:

"All recitals herein contained are made on behalf of the telephone company, and the trustee assumes no responsibility as to the correctness of any of the statements herein contained. The trustee and its successors shall have no responsibility as to the validity of this deed of trust or mortgage, nor as to the execution or acknowledgment thereof, nor as to the amount or extent of the security afforded by the property covered by this deed of trust or mortgage, and the trustee shall not be in any way liable for the consequences of any breach on the part of the telephone company of the covenants herein contained, or for any other act or thing hereunder, except its own several negligence."

This paper gives the trustee its right to bring this action, if it has such right; and, if this paper does not confer such right, then no such right exists. And, as has been said by the courts over and over again, this court is one of limited jurisdiction. But if it takes jurisdiction on allegations and facts so warranting, then it has all the powers of any court of chancery. So important is this that this court is always supposed, as is its duty, on its own motion to inspect the record, and, first of all things, determine whether it has jurisdiction, and, if it has not, then dismiss the case. The greater part of the argument was on the question or right of a mortgagee to maintain an action against parties who were engaged in acts tending to impair the securities conveyed or covered by the mortgage. Such actions generally are against the mortgagor for waste or threatened waste. But this is not such an action. The mortgagor in this case is not a party to the record. If it were joined as complainant, that fact of itself would defeat the jurisdiction of the court, because then we would have one of complainants and all of the respondents citizens of Iowa. The company cannot be made a respondent excepting on allegation that it has refused to take action against the respondents. Such an allegation is not, and in this case cannot be, made, because it has instituted such an action, which action is still pending. A stockholder cannot main-

tain an action like this, excepting on allegation that the company has been requested to act, but declines so to do. Then why should bondholders, or the trustee acting for them, be allowed to maintain the action, excepting upon a like allegation? Of course, if the company, the mortgagor, were doing wrongful acts, which would destroy or impair the mortgaged property, then, of course, such request would be needless. No case for or against the proposition has been called to my attention. But I fail to see why a stockholder should be compelled to make the allegation that the company declines to bring the action, but to allow a bondholder to maintain a suit without alleging such fact. And this is emphasized by the fact that the company has brought such suit, which is still pending. But this is not all. If the complainant were simply a mortgagee, with all the rights of a mortgagee, and such rights were not limited or controlled in any way, I would have some hesitancy in making the order rest on the above-stated proposition, because the courts should see to it that lawlessness and intimidations and terrorizing shall not go on to the detriment of order and the rights of property. But complainant is not simply a mortgagee. Limitations of various kinds are placed upon it, as appears from the analysis of the written agreement between the company and the trustee. With the company, under the contract, rightfully in the possession and control and management of the property, its taxes and the interest on the bonds paid to date, it in no way committing, suffering, or consenting to any waste, or impairing the security, the company now seeking to maintain an action for the same wrongs charged in the bill in this case, and finally the agreement which makes complainant the trustee, both expressly and impliedly prohibiting complainant from bringing any action excepting upon certain contingencies, not present in this case, all force me to the conclusion that the complainant has neither the right nor the authority to maintain this action. I therefore conclude that complainant has not, by its bill and the evidence, as the case now stands, such an interest, and particularly under the powers and rights conferred by the trust deed, as to enable it to maintain this action.

The restraining order made by the circuit judge will remain in force for 15 days from this date, and will then be regarded as vacated, unless within that time the bill shall be amended, and the evidence filed showing a right in it to maintain the action.